No. 2535
Second Circuit

THE J. R. WATKINS CO. v. R. W. PRICE, ET AL.

(February 8, 1926, Opinion and Decree)

(Syllabus by the Editor.)

1. Louisiana Digest—Suretyship—Par. 27, 28.

"The surety is discharged when by the act of the creditor the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety."

Appeal from Third Judicial District Court of Louisiana, Parish of Jackson, Hon. S D. Pearce, Judge.

This is a suit founded upon a contract between principals and sureties. There was judgment against two of the principals, who were defendants, but in favor of the sureties who were also defendants. Plaintiff appealed.

Judgment affirmed.

W. H. Hammond, of Jonesboro, attorney for plaintiff, appellant.

Moss and Peters, of Winnfield, attorneys for defendants, appellees.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff seeks to recover judgment against R. W. Price, P. W. Carr, W. W. Oglesby, W. M. Fuller, J. L. Fuller and T. A. Edwards, individually and in solido, in the sum of $839.63 with 5 per cent per annum interest thereon from March 1, 1920, until paid.

The suit is founded upon a contract dated December 2, 1918, signed by plaintiff and R. W. Price as principals and by the others as sureties, and terminating March 1, 1920.

In this contract Price acknowledges himself to be indebted to plaintiff in the sum of $1246.66 and plaintiff allows him the life of the contract in which to pay it, and

Price also agrees to buy from plaintiff for resale certain merchandise, consisting principally of proprietary articles, and his co-defendants obligated themselves jointly and severally to pay said indebtedness and for such merchandise in case he failed to do so.

During the life of the contract Price purchased from plaintiff merchandise to the amount of $288.05 and paid plaintiff, in cash $240.90, and in goods delivered to another at its request, $454.19, or a total of $695.09, which left a balance owing under the contract of the amount sued for.

The defendants R. W. Price and P. W. Carr interposed no defence.

The defendants W. W. Oglesby, W. H. Fuller, J. L. Fuller and T. A. Edwards answered denying liability and alleging that if ever liable as sureties they had been released because on July 10, 1920, after the expiration of the limit of time fixed by the contract for Price to discharge his obligations thereunder to plaintiff and while he was in default, Price, without their knowledge or consent at the request of plaintiff had delivered to one J. L. McBride, goods, wares and merchandise out of his assets in violation of the contract sued on and that thereby they had been discharged from any further liability as sureties.

There was judgment in favor of the plaintiff and against the defendants R. W. Price and P. W. Carr for the amount sued for and in favor of the defendants W. W. Oglesby, W. M. Fuller, J. L. Fuller and T. A. Edwards and against the plaintiff rejecting the plaintiff's demand as against them, and the plaintiff has appealed.

## OPINION

On July 10, 1920, more than four months after the contract between plaintiff and R. W. Price had terminated, the defendant Price, at the request of plaintiff, delivered to J. L. McBride, without the knowledge or consent of the sureties, certain merchandise that Price had purchased from plaintiff and plaintiff credited his indebtedness to it with $454.19 therefor.

Paul Watkins, president and general manager of the plaintiff company, testifying as a witness in its behalf said that the company had intended to notify Price's sureties of his failure to make settlement with it of his obligations under the contract at the termination thereof but by inadvertence notice was sent to sureties on a different obligation; and that Price's sureties were not notified of his default until the filing of this suit, which was filed on March 20, 1922, more than two years after the termination of the contract, and nearly two years after merchandise on which plaintiff had a vendor's privilege and to which privilege the sureties were entitled to be subrogated had been delivered to J. L. McBride at plaintiff's request and without the knowledge or consent of the sureties.

In New England Mutual Life Ins. Co. vs. Randall, 42 La. Ann. 260, 7 South. 679, the Supreme Court said:

"The surety is discharged when by the act of the creditor the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety."

This decision had the approval of Edward Bermudez, Lynn B. Watkins, Charles E. Fenner, Samuel D. McEnery and Joseph A. Breaux, five as profound lawyers as ever sat in the Supreme Court of this state.

Our learned brother of the District Court, S. D. Pearce, who tried this case, in his decision quoted liberally from the above cited decision in support of his judgment herein.

We are convinced that his findings of fact and conclusions of law are correct, and it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.